UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | Case No. H-21-CR-54 |
| LOLA SHALEWA BARBARA KASALI | § § § | |
| Defendant. | § | |

### GOVERNMENT'S TRIAL BRIEF AND MOTION
### FOR CONDITIONAL ADMISSION OF EVIDENCE

COMES NOW, the United States of America, by and through Joseph S. Beemsterboer, Acting Chief of the Fraud Section, Criminal Division; Deborah Connor, Chief of the Money Laundering and Asset Recovery Section (MLARS), Criminal Division; Fraud Section Assistant Deputy Chief Jonathan P. Robell; and MLARS Trial Attorney Matthew G. Grisier, and hereby files this trial brief and motion for conditional admission of evidence.

The first section of this brief summarizes the charges and provides background concerning the individuals and entities relevant to this matter. The second section sets forth the charging statutes and applicable legal elements. The third section addresses certain evidentiary matters about which the United States and the Defendant agree, and moves, pursuant to Federal Rule of Evidence ("FRE") 104, for the conditional admission of certain business records under FRE 803. The fourth section responds to objections filed by the Defendant concerning certain of the government's exhibits. Finally, the fifth section of this brief requests permission to have the government's case agent present throughout trial.

On November 29, 2021 and December 1, 2021, counsel for the United States conferred with the Defendant's counsel regarding this Motion; except as noted herein, the Defendant opposes the relief sought by the government.

I.      Background

On February 10, 2021, a grand jury returned an indictment charging the Defendant, Lola Kasali, with two counts of false statements to a financial institution, in violation of 18 U.S.C. § 1014, and two counts of bank fraud, in violation of 18 U.S.C. § 1344. (Dkt. No. 27). The indictment alleges that the Defendant submitted two false and fraudulent applications for federal COVID-19 pandemic emergency financial assistance available under the Paycheck Protection Program ("PPP") created to help small businesses survive and keep their employees during the pandemic. (*Id.* ¶ 10).

In June 2020, the Defendant applied for PPP loans for Lola's Level and Charm Hair Extensions, two entities she owned. (*Id.* ¶¶ 2, 3). The Defendant submitted the Lola's Level application to Radius Bank ("Bank 1" in the Indictment), and she submitted the Charm Hair Extensions application to Vista Bank ("Bank 2" in the Indictment), two federally insured financial institutions. (*Id.* ¶¶ 8-10). Each loan application contained material misrepresentations regarding the number of employees and the payroll expenses of the entities seeking the loan. (*Id.* ¶ 10). Radius Bank funded the Defendant's loan, transferring $1,937,500 to the Lola's Level account on July 15, 2020. (*Id.* ¶ 15). Vista Bank denied the Defendant's loan application. (*Id.* ¶ 22). The funds received by Lola's Level were seized by law enforcement prior to the Defendant's arrest on September 16, 2020.

Trial in this matter is set to begin on December 6, 2021.

A.      The Lola's Level PPP Application

The Defendant submitted the Lola's Level PPP loan application to Radius Bank, a federally insured financial institution, on June 27, 2020. (*Id.* ¶¶ 8, 12). In the loan application, the Defendant falsely claimed that Lola's Level had eight employees and an average monthly payroll of $775,000. (*Id.* ¶ 13). The Defendant also submitted false documents in connection with the Lola's

Level loan application, including purported IRS tax forms claiming that Lola's Level had paid quarterly wages ranging from $1,453,125 to $2,906,250 in the prior year. In fact, there is no record of tax forms being submitted to the IRS for Lola's Level. (*Id.* ¶ 14). Nor is there any record of Lola's Level ever having an employee, other than the Defendant herself.

On the basis of the Defendant's misrepresentations, Radius Bank approved the Lola's Level PPP loan on July 15, 2020.

### B. The Charm Hair Extensions PPP Application

The Defendant submitted the Charm Hair Extensions PPP loan application to Vista Bank, a federally insured financial institution, on June 30, 2020. (*Id.* ¶¶ 9, 18). In the loan application, the Defendant falsely claimed that Charm Hair Extensions had 99 employees and an average monthly payroll of $750,378. (*Id.* ¶19). The Defendant also submitted false documents in connection with the Charm Hair Extensions loan application, including purported IRS tax forms claiming that Charm Hair Extensions had between 96 and 99 employees, paid quarterly wages ranging from $2,216,569.45 to $2,277,549.47 in the prior year, and paid unemployment taxes in Texas. In fact, Charm Hair Extensions never paid unemployment taxes in Texas. (*Id.* ¶ 21). Nor is there any record of Charm Hair Extensions ever having an employee, other than the Defendant herself.

## II. The Charges and Elements

The Indictment charges the Defendant with two counts of false statements to a bank (18 U.S.C. § 1014) and two counts of bank fraud (18 U.S.C. § 1344).

### A. False Statements to a Bank

In the Fifth Circuit, the Defendant can be found guilty of false statement to a bank only if the government proves the following elements beyond a reasonable doubt:

*First*: that the Defendant made a false statement to a bank;

3

*Second*:  that the Defendant knew the statement was false when the defendant made it;

*Third*:  that the Defendant made the false statement for the purpose of influencing a lending action of the institution, convincing the bank to give the Defendant a loan; and

*Fourth*:  that the bank was federally insured.

Fifth Circuit Pattern Jury Instructions (Criminal) 2.47; 18 U.S.C. § 20(1) & 12 U.S.C. § 1813(c)(2) (defining "financial institution" to include "any bank . . . the deposits of which are insured by the [FDIC]").

### B. Bank Fraud

Pursuant to 18 U.S.C. § 1344(2), the Defendant can be found guilty of bank fraud only if the government proves the following elements beyond a reasonable doubt:

*First*:  that the Defendant knowingly executed a scheme or artifice;

*Second*:  that the scheme or artifice was executed to obtain money or other property from a financial institution;

*Third*:  that the scheme or artifice was executed by means of false or fraudulent pretenses, false or fraudulent representations, or false or fraudulent promises; and

*Fourth*:  That the false or fraudulent pretenses, representations, or promises were material.

Fifth Circuit Pattern Jury Instructions (Criminal) (2019) 2.58B; 18 U.S.C. § 20(1) & 12 U.S.C. § 1813(c)(2).

### III. Unopposed Evidentiary Matters

Pursuant to Local Criminal Rule 55.2, on November 23, 2021, the United States filed its Notice of Intent to Offer Evidence Pursuant to FRE 902(11), setting forth the records for which the government has obtained certifications of authenticity.  (Dkt. No. 150.)  The Defendant has not objected to the authenticity of any of the records in the government's 902(11) Notice.  (Dkt. No.

150).[1] The Defendant has objected to the admissibility of some of the exhibits in the government's Amended Exhibit List. (Dkt. Nos. 152, 154).[2] Pursuant to FRE 104, the United States now moves the Court for conditional admission of the exhibits to which there is no objection.

### A. The Court Should Admit Financial Institution Records as Business Records

The United States will seek the admission of various business and financial records under FRE 803(6) based on certifications from records custodians or qualified witnesses. FRE 902(11) "provides for the admissibility of a business record that would be admissible under Rule 803(6) when it is accompanied by a certification of a custodian or other qualified person that the record 'was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; was kept in the course of the regularly conducted activity; and was made by the regularly conducted activity as a regular practice.'" *United States v. Hudson*, No. CRIM.A. 09-171, 2011 WL 5335569, at *1 (E.D. La. Nov. 7, 2011); Fed. R. Evid. 902(11), 803(6).

The government seeks to introduce business records maintained by Radius Bank (GX 1, including sub-exhibits); business records and bank account information of Lola's Level maintained by JP Morgan Chase Bank (GX 8A-8G); business records maintained by Verizon and AT&T (GX 13-14); business records maintained by Oath, Inc. related to the email address barbielolak@yahoo.com (GX 15); business records maintained by Google Inc. related to the email address onlycharmhair@gmail.com (GX 17, including sub-exhibits); bank account information of Charm Hair Extensions maintained by NorthOne Bank (GX 19); bank account information for the

---

[1] The Defendant objects on authenticity grounds to Government Exhibit ("GX") 11, including its sub-exhibits. (Dkt. No. 141). This exhibit is composed of screenshots of websites and social media pages and was not included in the Government's list of items for which 902(11) certificates were filed.

[2] Specifically, the Defendant has objected to the admissibility of GX 2A, 2B, 2C, and 2D (Dkt. No. 154); and 7A, 7B, 8H, 18A, 18B, 22, 23A, 23B, 23C, 23D, 23E, 24A, 24B, 25, and 26. (Dkt. No. 152).

Defendant and Lola's Level maintained by Wells Fargo Bank (GX 20, including sub-exhibits); and bank account information for the Defendant maintained by US Bank (GX 21). The government has provided the Defendant with certifications pursuant to FRE 902(11) for each of these records.

The Defendant has not challenged the authenticity of these records, and, consistent with established authority in this Circuit, the Court should admit them pursuant to the certifications establishing their admissibility as business records.[3]

### B. The Court Should Admit the Government's Summary Exhibit

The government will seek to admit a summary exhibit tracing the flow of PPP funds from Radius Bank to accounts held at JP Morgan Chase Bank by Lola's Level (GX 27) pursuant to FRE 1006.[4] This summary exhibit will be offered through the testimony of a witness who reviewed the underlying records. The underlying records have been produced to the Defendant in discovery and are on the government's exhibit list.

The plain language of FRE 1006 provides that summaries of voluminous evidence, whether or not the underlying evidence is introduced, are admissible, particularly when the summaries are a practical way to place information in conveniently reviewed form. Fed. R. Evid. 1006; *see United States v. Clements*, 588 F.2d 1030, 1039 (5th Cir. 1979), *cert. denied*, 440 U.S. 907 (1979).

---

[3] The Sixth Amendment's Confrontation Clause does not prohibit the proponent of a record from establishing its authenticity through a custodian certification, as opposed to a live witness. The Supreme Court's decision in *Crawford v. Washington* does not prohibit the admission of business records pursuant to a hearsay exception. 541 U.S. 36, 56 (2004). *See United States v. Morgan*, 505 F.3d 332, 339 (5th Cir. 2007) (finding that "after *Crawford*, business records are not testimonial in nature and their admission at trial is not a violation of the Confrontation Clause").

[4] On November 22, 2021, the United States provided the Defendant's counsel with a copy of GX 27, notified counsel of the government's intent to offer it pursuant to FRE 1006, and directed counsel to the records underlying the summary exhibit.

FRE 1006 is "broadly interpreted" and "allows admission of summaries when (1) the evidence previously admitted is voluminous, and (2) review by the jury would be inconvenient." *United States v. Bishop*, 264 F.3d 535, 547 (5th Cir. 2001) (citations omitted). Thus, consistent with FRE 1006 and established Fifth Circuit authority, this Court should admit the government's summary exhibit.

IV.   **Response to the Defendant's Objections to the Government's Exhibits**

The Defendant has objected to the admissibility of Government Exhibits ("GX") 2A, 2B, 2C, and 2D (Dkt. No. 154); and 7A, 7B, 8H, 18A, 18B, 22, 23A, 23B, 23C, 23D, 23E, 24A, 24B, and 25. (Dkt. No. 152). As set forth below, the Defendant's objections lack merit and should be rejected.[5]

A.   **The Court Should Reject the Defendant's Objections to GX 2**

The Defendant objects to GX 2A, 2B, 2C, and 2D, arguing that they are irrelevant because the requested loan was denied or, in the alternative, "unduly prejudicial and confuse the conduct charged in the indictment." (Dkt. No. 154). The documents in GX 2A through 2D are the Defendant's PPP loan application to Vista Bank (GX 2A), the Defendant's driver's license and Social Security card (GX 2B), purported tax forms she submitted in support of her application (GX 2C), and emails between the Defendant and a Vista Bank representative (GX 2D).

The Defendant could not be more mistaken. The records contained in GX 2 are plainly relevant because they are from Vista Bank, which is "Bank 2" in the Indictment, and they form the basis of Counts 2 and 4 of the Indictment. Moreover, Vista Bank's denial of the Defendant's loan application does not impact GX 2's relevance to the offenses charged, as actual loss need not

---

[5] The Defendant also objects to GX 26. After further review, and without conceding the validity of the objection, the government will voluntarily withdraw GX 26.

7

be proven for conviction under Sections 1014 (false statement to a financial institution) or 1344 (bank fraud). *See United States v. Waldrip*, 981 F.2d 799, 806 (5th Cir.1993) (holding that "loss need not be proven to convict a defendant for bank fraud or making a false statement to a bank" and that evidence that there was no loss is not a defense to either crime). The Court should reject the Defendant's objections and conditionally admit GX 2A – GX 2D pursuant to FRE 104.

### B. The Court Should Reject the Defendant's Objections to GX 7, GX 18, GX 22, GX 23, and GX 25

The Defendant objects to GX 7A and 7B (Texas Workforce Commission unemployment benefits records for Lola Kasali); GX 18A and 18B (the uncharged Lola's Level PPP application to JP Morgan Chase); GX 22 (records of the Defendant ordering a Mercedes-Benz G-Wagon); GX 23A – 23E (the uncharged Lola's Level and Charm Hair Extensions PPP applications to Kabbage, Inc.); and GX 25 (the Defendant's uncharged Economic Injury Disaster Loan applications for Lola's Level and Charm Hair Extensions), arguing that the records contained in each exhibit are irrelevant or, in the alternative, unduly prejudicial to the Defendant. (Dkt. No. 152). The government addressed the relevance and admissibility of these exhibits in its Notice of Inextricably Intertwined and/or Rule 404(b) Evidence and Opposed Motion *in Limine* for Admission (Dkt. No. 151) and respectfully refers the Court to that filing. Each of the exhibits to which the Defendant objects contains evidence that is inextricably intertwined with the charged conduct and is relevant to several aspects of the government's case, including identity and absence of mistake. Accordingly, the Court should reject the Defendant's objections and rule that these exhibits are admissible as inextricably intertwined evidence or as evidence admissible under FRE 404(b).

### C. The Court Should Reject the Defendant's Objections to GX 8H

The Defendant objects to GX 8H, a recorded call to JP Morgan Chase Bank, arguing that the government cannot establish the identity of the caller. (Dkt. No. 152). The Defendant's

objection ignores the plain language of FRE 901, which provides that identification of a voice may be "based on hearing the voice at any time under circumstances that connect it with the alleged speaker." Fed. R. Evid. 901(5). The government plans to offer testimony from law enforcement witnesses who will be able to identify the voice on the recording as the Defendant's. *See, e.g.*, *United States v. Bright*, 630 F.2d 804, 821 (5th Cir. 1980) ("The positiveness of the identification of the voice is more important than when the witness gains the knowledge to make the identification."); *United States v. Romano*, 482 F.2d 1183, 1194 (5th Cir. 1973) (requirement that witness have a basis for identifying a voice of a particular person is satisfied even when the witness acquired knowledge of the person's voice at a later date). In addition, the content of the recording—which includes the Defendant stating her name—is plainly admissible as the statement of an opposing party. Fed. R. Evid. 801(d)(2). The Court should reject the Defendant's objections and conditionally admit GX 8H pursuant to FRE 104.

### D. The Court Should Reject the Defendant's Objections to GX 24A and GX 24B

The Defendant objects to GX 24A and 24B, which contain documents collected from the UPS Store mailbox maintained by the Defendant in the name of Lola's Level, arguing that they are irrelevant. The exhibits include the Defendant's Mailbox Service Agreement with UPS, which contains her name and contact information. They also contain the Defendant's driver's license and letters sent to the Defendant. The Court should reject the Defendant's argument; the exhibits are relevant to the charged conduct and aspects of the government's case, including identity.

## V. Request to Allow Agent Presence in the Courtroom

Pursuant to FRE 615(b), the United States designates Special Agent Michael Gross as its representative for trial. The government has also noticed Special Agent Gross as a trial witness. (Dkt. No. 138.) Counsel for the Defendant has indicated that they will seek to exclude Special Agent Gross from the courtroom in accordance with FRE 615. The government respectfully

9

requests that the Court allow Special Agent Gross's presence throughout trial pursuant to FRE 615(b). *Cf. United States v. Green*, 293 F.3d 886, 892 (5th Cir. 2002) ("Federal Rule of Evidence 615 gives the court discretion to exempt more than one case agent from sequestration if their presence is essential to the presentation of the case.").

## VI. Conclusion

For the foregoing reasons, this Court should admit the categories of evidence set forth above.

Dated:  December 1, 2021

        Respectfully submitted,

        JOSEPH S. BEEMSTERBOER
        Acting Chief, Fraud Section
        Criminal Division
        U.S. Department of Justice

        DEBORAH CONNOR
        Chief, Money Laundering & Asset Recovery Section
        Criminal Division
        U.S. Department of Justice

By:    /s/Jonathan Robell
        JONATHAN ROBELL
        Assistant Deputy Chief
        Fraud Section, Criminal Division
        United States Department of Justice
        1400 New York Avenue, NW
        Washington, D.C. 20005
        (202) 510-3560
        Jonathan.Robell@usdoj.gov

        /s/Matthew G. Grisier
        MATTHEW G. GRISIER
        Trial Attorney
        MLARS, Criminal Division

United States Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20005
(202) 307-3514
Matthew.Grisier2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that, on December 1, 2021, I caused a copy of the foregoing document to be served via the ECF system on all counsel of record.

Dated:  December 1, 2021            By:     /s/Jonathan Robell
                                            Jonathan Robell
                                            Assistant Deputy Chief

                                            /s/Matthew G. Grisier
                                            Matthew G. Grisier
                                            Trial Attorney