Case 4:21-cr-00054   Document 410   Filed on 12/01/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
December 01, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Criminal Case No. 4:21-cr-54 |
| | § | |
| LOLA SHALEWA BARBARA KASALI | § § | |

# JUDGE PALERMO'S
# REPORT AND RECOMMENDATION[1]

Before the Court is *pro se* Defendant Kasali's motion to modify or reduce the term of her supervised release. ECF No. 397. The government filed a response. ECF No. 409. Defendant seeks to reduce her supervision to time served due to her "over served incarceration, including administrative and custodial errors that resulted in her being confined far beyond the sentence this Court intended, as well as her post release rehabilitation." ECF No. 397 at 1. The government responds that: (1) Defendant's motion is untimely under 18 U.S.C. § 3583(e)(1); (2) Defendant was released *before* the expiration of her 57-month sentence due to a combination of credit for time served, Good Time credits, and First Step Act time credits ("FTCs"); and (3) Defendant has failed to demonstrate rehabilitation such that supervision is no longer necessary. ECF No. 409 at 1. Having considered the briefing, the record,

---

[1] The district judge to whom this case is assigned referred the instant motion for a report and recommendation. ECF No. 398.

and the applicable law, the Court recommends that Defendant's motion be denied.

## I.  BACKGROUND

In an effort to unlawfully enrich herself and obtain money from the Small Business Administration ("SBA"), Defendant submitted two materially false and fraudulent Paycheck Protection Program ("PPP")[2] loan applications in the amounts of $1,937,500 and $1,875,944 on behalf of two entities she owned to two federally insured financial institutions. ECF No. 27 at 3, 4. In addition to many other false and misleading statements, in seeking those loans, Defendant misrepresented the number of employees and payroll expenses the businesses had. *Id.* at 3.

On December 8, 2021, a jury found the Defendant guilty of making false statements to a financial institution in violation of 18 U.S.C. § 1014 (two counts), and bank fraud, in violation of 18 U.S.C. § 1344 (two counts). ECF Nos. 27; 174. On April 7, 2022, the Defendant was sentenced to a term of 70 months in prison on each count, to run concurrently, in addition to five years of supervised release on each count, also to run concurrently. ECF No. 234. On January 18, 2024, the Court reduced the Defendant's sentence to 57 months in prison on each count pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 371. The Fifth Circuit's affirmed the District Court. ECF No. 376.

---

[2] The PPP was part of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act designed to provide emergency financial assistance to Americans who suffered negative economic effects the COVID-19 pandemic caused. ECF No. 27 at 1–2.

## II. APPLICABLE LAW

The relevant statutory provision, 18 U. S. C. § 3583(e), provides that "[t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7):

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;
>
> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

18 U.S.C. § 3583(e).

In determining both the duration and conditions of supervised release, the Court is required to consider factors listed in 18 U.S.C. § 3553(a). "Regarding the duration of supervised release, the Court is required to consider: the nature and circumstances of the offense; the need for adequate deterrence; protection of the public from future crimes by the defendant; education or vocational training for the defendant; the kinds of sentences and range available; policy considerations; uniformity; and, restitution." *Zimmerman v. United States*, No. CR B: 07-232-1, 2011 WL 13353396, at *2 (S.D. Tex. July 1, 2011), *adopted*, No. CR B-07-232-1,

2011 WL 13353397 (S.D. Tex. Aug. 3, 2011), *aff'd*, 481 F. App'x 199 (5th Cir. 2012).

The Court also looks to 18 U.S.C. § 3553 in determining the conditions of supervised release. 18 U.S.C. § 3583(d)(1). "District courts have broad discretion in establishing conditions of supervised release." *Zimmerman*, 2011 WL 13353396, at *2 (citing *U.S. v. Rodriguez*, 558 F.3d 408 (5th Cir. 2009)). "That discretion is limited only by the directive in § 3583(d)(1) that the conditions must be reasonably related to the following four factors from 18 U.S.C. § 3553: (1) the nature and circumstances of the offense; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes by the defendant; and (4) the need to provide the defendant with appropriate training, medical care, or other correctional treatment in the most effective manner." *Id.* (citing *U.S. v. Paul*, 274 F.3d 155, 165 (5th Cir. 2001)).

### III. DEFENDANT'S MOTION SHOULD BE DENIED.

Relying on §3583(e)(2), Defendant asks for her sentence to be reduced to time served. Defendant argues that she overserved her prison term by a year and her rehabilitation since release, first offender status, and successful reintegration into the community demonstrate that she no longer requires federal supervision to achieve any sentencing goal. ECF No. 397 at 3. The Court finds her motion meritless.[3]

---

[3] Defendant moves under §3583(e)(2), but she does not move for adjustment of the conditions of

A. *Defendant's Motion is Premature.*

As an initial matter, Defendant's motion should be denied as premature. "The court may, after considering the factors set forth in [§ 3553(a)] . . . terminate a term of supervised release . . . at any time <u>after the expiration of one year</u> of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Zimmerman*, 2011 WL 13353396, at *3 (emphasis in original) (quoting 18 U.S.C. § 3583(e)(1)). "Thus, the Court may not modify or terminate the duration of the supervised release term until the defendant has served at least a year of supervised release." *Id.* (citing *U.S. v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998)). In other words, "a convicted individual must live within the limitations of supervised release for at least one year before the duration of those conditions are subject to modification." *Id.* Here, Plaintiff has not been on supervised release for the requisite one-year period—she was released in January 2025 to begin her five years of supervised release. ECF No. 396.

---

her release. She seeks termination of her supervision. Therefore, Defendant's motion should be analyzed under § 3583(e)(1), which governs termination of supervised release. Even if the Court analyzed Defendant's motion under § 3583(e)(2), the factors in §3553 do no support modifying, reducing, or otherwise eliminating the conditions or duration of the Defendant's supervision: (1) Defendant's crimes were serious as she "exploited the economic turmoil of the COVID-19 pandemic to line her own pockets," and engaged in a fraudulent scheme to obtain millions of dollars from federally insured financial institutions through the Paycheck Protection Program (PPP), ECF No. 226; (2) there is a strong need for the Defendant's sentence to deter others inclined to exploit emergency relief and government-backed loan programs; (3) Defendant has repeatedly struggled to adhere with terms of release the Court imposed on her, resulting in the revocation of her pretrial bond, ECF 56; and (4) she has yet to make a single payment toward her remaining restitution balance of $90,186.64, and so the victims of the Defendant's scheme have not been made whole.

### B. Defendant Did Not "Over-Serve" Her Sentence.

Although Defendant represents that she overserved her sentence and should be released on equitable grounds, the record does not support that argument. On the contrary, the record demonstrates that Defendant was released early based on a combination of credit for time served, Good Time credits, and FTCs. Defendant's sentence began on April 7, 2022. ECF No. 409-1 at 2. If Defendant served her full 57 months' imprisonment, she would not have been released until January 7, 2027. Instead, Defendant was released on January 4, 2025—over two years before the end of her 57-month sentence—because she had 369 days of prior credit time, 63 days of Good Time credit, and 300 days of FTCs. ECF No. 409-1 at 3. These credits calculated a release date of Saturday, January 4, 2025—Defendant was released on the earliest possible release date of January 7, 2025. ECF No. 409 at 6 (citing Response to Petition for Habeas Corpus at 1 n.1, *Lola Shalewa Barbara Kasali v. Bureau of Prisons, et al.*, Cause No. 25-cv-4 (D. Minn. Jan. 8, 2025), ECF 8). Thus, Defendant was released two years before the end of her sentence consistent with the applicable credits and did not overserve her sentence.

### C. Defendant Fails to Show She Has Been Rehabilitated.

The record also does not support Defendant's assertion that she has been rehabilitated. On December 12, 2025, the Court will hold a supervised release revocation hearing on Defendant's many alleged violations of the most basic

conditions of her supervised release. Her probation officer filed the petition alleging failure to pay restitution since her release, failure to submit medical documents to support her claims disabilities, failure to complete required mental health and psychiatric assessments, and repeated refusals to comply with unscheduled home visits from the Probation Office. ECF No. 405. Moreover, Defendant's pretrial history and history while imprisoned demonstrate that she is not rehabilitated and will continue to fail to cooperate with the conditions of her supervised release. ECF Nos. 56 at 6 (Defendant demonstrated a "pattern and practice of violating conditions of her release and making it difficult to supervise her because she is not honest and not cooperative."); 409-4 (Defendant's 18-page disciplinary data from the Bureau of Prisons, which includes numerous infractions for failing to follow orders, having contraband, phone abuse, and interfering with staff). Supervised release can only be successful with honesty and cooperation on the part of the Defendant, building trust between the person supervised and the supervisor. Failure to cooperate makes supervision impossible.

Thus, considering all the applicable factors, Defendant's motion is without merit and should be denied.

## IV. DEFENDANT SHOULD BE SANCTIONED.

Finally, the Court finds that Defendant should be sanctioned for filing an entirely frivolous motion, to which the government was required to respond. Several

factors support the imposition of sanctions, including the following. First, as discussed, Defendant misrepresents the record, stating that she served more time than the Court imposed and that she has been rehabilitated, both of which are contrary to the record. Second, Defendant either miscites cases or cites cases that do not exist.[4] The Court finds that these are grounds for sanctions—either a monetary sanction or a bar to filing pleadings without leave of Court. *See O'Neill v. Whitehouse Indep. Sch. Dist.*, No. 6:24-CV-395-JCB-KNM, 2025 WL 2947020, at *7 (E.D. Tex. July 25, 2025), *adopted*, No. 6:24-CV-00395, 2025 WL 2556103 (E.D. Tex. Sept. 5, 2025) ("While federal courts have been more lenient toward *pro se* litigants, they have routinely warned such litigants that submission of fake case citations may result in sanctions.") (collecting cases); *Jayroe v. Progressive Cas. Ins. Co.*, No. 3:25-CV-2408-G-BK, 2025 WL 3144976, at *3 (N.D. Tex. Oct. 27, 2025), *adopted*, No. 3:25-CV-2408-G-BK, 2025 WL 3143269 (N.D. Tex. Nov. 10, 2025) ("while courts afford *pro se* litigants' considerable leeway, that does not relieve them of their obligation under Rule 11 to confirm the validity of all cited legal authority.") (citing *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025)); *Flores v. United States*, No. CIV.A. 6:03-CV-018-C, 2003 WL 21209582, at *4

---

[4] Defendant cites to five cases that applied *Johnson* to grant equitable reductions, four of which do not appear to exist at the provided citations: (1) *United States v. McClain*, 528 F.Supp.2d 1236 (D. Kan. 2007); (2) *United States v. Shorter*, 27 F.Supp.3d 1084 (N.D. Ind. 2014); (3) *United States v. Allen*, 2012 WL 3854467 (E.D. Ky. Sept. 5, 2012); and (4) *United States v. Douglas*, 306 F.3d 336 (6th Cir. 2002).

(N.D. Tex. May 21, 2003) ("Like every other pastime, recreational litigation has its price; . . . sanctions . . . are imposed for the very purpose of causing the would-be *pro se* prisoner litigant, with time on his hands and a disposition to retaliate against the system, to think twice before cluttering our dockets with frivolous or philosophical litigation.") (quoting *Gelabert v. Lynaugh,* 894 F.2d 746, 748 (5th Cir. 1990)).

## V. CONCLUSION

Therefore, the Court **RECOMMENDS** that Defendant's motion to modify or terminate her supervised release, ECF No. 397, be **DENIED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error.** *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).

Signed at Houston, Texas, on December 1, 2025.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**