United States District Court
Southern District of Texas
**ENTERED**
August 24, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOLA KASALI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-2441 |
| | § | CRIMINAL ACTION NO. H-21-54 |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the following motions filed by Lola Kasali acting pro se regarding the court's Order of Adoption (Docket Entry No. 498) and Final Judgment (Docket Entry No. 499), which dismissed her Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 ("§ 2255 Motion")(Docket Entry No. 448): (1) Request for Order of Subpeona and Production of Discovery (Docket Entry No. 504); (2) Motion for Reconsideration of Document[s] 498 and 499 ("Motion for Reconsideration")(Docket Entry No. 510); (3) Motion for Court Documents or in the Alternative Motion to Proceed in Forma Pauperis (Docket Entry No. 536); and (4) Motion for Clarification (Docket Entry No. 537). For the reasons stated below, Kasali's Motion for Clarification will be granted, Kasali's Motion for Reconsideration will be denied, and her remaining two motions will be denied as moot.

## I. Factual and Procedural Background

Following a three-day trial held in December of 2021, a jury found Kasali guilty on two counts of making false statements to a financial institution in violation of 18 U.S.C. § 1014, and two counts of bank fraud in violation of 18 U.S.C. § 1344.[1] In April of 2022 Kasali was sentenced to 70 months imprisonment on each count to be served concurrently, and to be followed by five years of supervised release on each count, also to be served concurrently. In addition, the court imposed conditions that included restitution of $2,027,686.64, and a special assessment of $400.00.[2] In January of 2024 Kasali's sentence as reduced to 57 months pursuant to 18 U.S.C. § 3582(c)(2).[3] Kasali appealed her conviction and sentence, arguing that the court erred by "(1) denying her motions to substitute counsel, (2) conducting the first day of her trial in her absence, (3) applying a sentencing enhancement under intended loss, and (4) awarding restitution to the [Small Business Administration] when no actual loss occurred." United States v. Kasali, 111 F.4th 637, 642-43 (5th Cir.), cert. denied, 145 S. Ct. 1462 (2025).[4] The Fifth Circuit affirmed her conviction and sentence. Id. at 640.

---

[1]See Minutes for First, Second, and Third Days of Trial, Docket Entry Nos. 162, 165, and 168, respectively. See also Verdict, Docket Entry No. 174.

[2]See Judgment, Docket Entry No. 234.

[3]See Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Docket Entry No. 371.

[4]See Fifth Circuit's opinion, Docket Entry No. 377, p. 1. Page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system.

In January of 2025 Kasali was released from the Bureau of Prisons ("POB"),[5] and she began her supervised release.[6]

On October 28, 2025, Kasali's probation officer filed a Petition for Warrant or Summons (Docket Entry No. 396) alleging violations of her conditions of supervised release.[7]

On November 5, 2025, Kasali filed a Motion under 18 U.S.C. § 3583(e)(2) to Modify or Reduce Term of Supervised Release to Time Served ("Motion to Reduce Supervised Release to Time Served") (Docket Entry No. 397). On November 14, 2025, the court entered an Order of Referral (Docket Entry No. 398) referring Docket Entry No. 397 to Magistrate Judge Dena Palermo.

On December 1, 2025, Magistrate Judge Palermo entered a Report and Recommendation (Docket Entry No. 410) recommending that Kasali's Motion to Reduce Supervised Release to Time Served (Docket Entry No. 397) be denied. On the same day the court entered an Order of Referral (Docket Entry No. 411) referring the Supervised Release Petition (Docket Entry No. 396) and all related matters to Magistrate Judge Palermo.

---

[5]See Exhibit A to United States' Memorandum in Opposition to Defendant's Motion to Modify or Reduce Term of Supervised Release, Docket Entry No. 409-1, p. 1 (showing actual release date as January 7, 2025).

[6]See Petition for Warrant or Summons for Person Under Supervision, Docket Entry No. 396, p. 1 (showing supervision start date as January 7, 2025).

[7]Id.

After an initial appearance hearing was reset on December 9, 2025, Kasali's probation officer filed two Superseding Petitions for Warrant or Summons for Person Under Supervision (Docket Entry Nos. 413 and 414), seeking revocation of Kasali's supervision.

On December 29, 2025, the court entered an Order of Adoption, adopting Magistrate Judge Palermo's Report and Recommendation (Docket Entry No. 410) and denying Kasali's Motion to Reduce Supervised Release to Time Served (Docket Entry No. 397).

The court issued a warrant for Kasali's arrest and scheduled an initial appearance on the Superseding Petitions for January 15, 2026.[8] On January 14, 2026, Kasali was arrested.[9] On January 15, 2026, the court set a final hearing date of February 11, 2026, and ordered Kasali detained pending her final revocation hearing.[10] On January 16, 2026, the court appointed the Federal Public Defender to represent Kasali in the revocation proceedings.[11] The final revocation hearing was held on March 9, 2026.[12]

---

[8]See Arrest Warrants, Docket Entry Nos. 422 and 424; Notice of Setting, Docket Entry No. 423.

[9]See unnumbered entry on the Clerk's Docket Sheet for January 14, 2026.

[10]See Minute Entry for January 15, 2026, on the Clerk's Docket Sheet.

[11]See Order Appointing Counsel, Docket Entry No. 425. See also Judge Palermo's Report and Recommendation, Docket Entry No. 464, p. 6 (explaining that the court appointed counsel because Kasali had not retained counsel while she was on release despite indicating that she would do so).

[12]See Minute Entry for March 9, 2026, on the Clerk's Docket Sheet.

On March 26, 2026, Civil Action H-26-2441 was initiated by Kasali's filing of her § 2255 Motion. Kasali's § 2255 Motion was filed as Docket Entry No. 448 pursuant to Rule 3 of the Rules Governing § 2255 Proceedings for the United States District Courts, which requires such motions to be entered on the criminal docket of the case in which the challenged judgment was entered. See R. Gov. § 2255 Proceedings 3(b).

On March 27, 2026, the court entered an Order to Answer (Docket Entry No. 452), which inter alia ordered the Clerk to deliver copies of the § 2255 Motion to the United States Attorney for the Southern District of Texas, and to the United States Attorney General.[13] The Order to Answer also ordered the United States to "file an answer or other appropriate responsive pleading within thirty (30) days of the date of service."[14] On April 10, 2026, the United States filed the United States' Motion for Extension of Time to File Response (Docket Entry No. 458). In an Order (Docket Entry No. 459) entered the same day, the court granted the United States' motion and set June 18, 2026, as the deadline for filing the United States' answer.

On May 7, 2026, Magistrate Judge Palermo issued a Report and Recommendation ("Report and Recommendation") (Docket Entry No. 488), recommending that Kasali's § 2255 motion be dismissed, and that a certificate of appealability be denied. Kasali asserted four

[13]Docket Entry No. 452, pp. 1-2 ¶¶ 1-2.

[14]Id. at 2, ¶ 3.

constitutional violations in support of her motion to vacate her sentence: (1) denial of her right to be present at trial; (2) ineffective assistance of counsel based on a stipulation regarding sentencing enhancements entered without her knowledge or consent; (3) ineffective assistance of counsel due to conflicts with counsel; and (4) inability to retain counsel of her choice because she was denied the right to make phone calls from the facility in which she was detained.[15] The Magistrate Judge found that Kasali's claims for denial of her right to be present at trial and for ineffective assistance of counsel due to conflicts with counsel failed because they were raised and rejected on appeal.[16] The Magistrate Judge found that Kasali's claim for ineffective assistance of counsel due to a stipulation entered without her knowledge or consent and her claim that she was unable to retain counsel of her choice due to denial of a right to make phone calls while incarcerated failed because Kasali did not demonstrate cause and prejudice for not raising those issues on appeal.[17] The Magistrate Judge also concluded that Kasali was not entitled to a Certificate of Appealability, and that a number of motions Kasali filed should be denied.

---

[15]Report and Recommendation, Docket Entry No. 488, p. 3 (citing 28 U.S.C. § 2255 Motion, Docket Entry No. 448, pp. 6-10).

[16]Id. at 5-6.

[17]Id. at 6-8.

On May 21, 2026, Kasali filed her Objection to Report and Recommendation (Document 488) (Docket Entry No. 496). On June 8, 2026, the court enter its Order of Adoption (Docket Entry No. 498), overruling Kasali's objections to the Magistrate Judge's May 7, 2026, Report and Recommendation, adopting the Magistrate Judge's recommendations, and Final Judgment (Docket Entry No. 499) dismissing Kasali's § 2255 motion with prejudice. See United States v. Kasali, No. H-21-cr-54, 2026 WL 1652570 (S.D. Tex. June 8, 2026).

## II. Kasali's Motion for Clarification (Docket Entry No. 537)

Kasali's Motion for Clarification (Docket Entry No. 537) poses four questions. Kasali's first question asks, "[w]hether there is an order vacating documents 452, 458, and 459?" Docket Entry No. 452 is the Order to Answer entered on March 27, 2026, directing the United States to answer Kasali's § 2255 Motion; Docket Entry No. 458 is the United States' Motion for Extension of Time to File Response, seeking additional time to answer Kasali's § 2255 Motion; and Docket Entry No. 459 is the court's Order granting the United States' Motion for Extension of Time and setting June 18, 2026, as the deadline for the United States to file its answer to Kasali's § 2255 Motion. The answer to Kasali's first question is, no, there is no order vacating Docket Entry Nos. 452, 458, and 459.

Kasali's second question asks, "[w]hether the Government responded to the order to answer?" The answer is, no, the

Government did not responded to the court's Order to Answer (Docket Entry No. 452).

Kasali's third question asks, "[w]hether the district judge ordered a different district judge to conduct an additional screening of the § 2255 [motion] after ordering the Government to answer?" The answer is, no, the court has not ordered a different district judge to conduct an additional screening of the § 2255 motion.

Kasali's fourth question asks, "[w]hether the district judge ordered the magistrate judge to review his prior rulings on the § 2255 [motion]? If so, what document [number] is the order?" The answer is, no, the court did not order the magistrate judge to review his prior rulings on the § 2255 motion.

Because the court has answered the questions that Kasali poses in Docket Entry No. 537, Kasali's Motion for Clarification has been **GRANTED**.

## III. <u>Kasali's Motion for Reconsideration of Document[s] 498 and 499</u>

Citing Federal Rules of Civil Procedure 59(e) and 60(b), Kasali moves the court to reconsider its Order of Adoption (Docket Entry No. 498), adopting Magistrate Judge Palermo's recommendation to dismiss her § 2255 Motion, and Final Judgment (Docket Entry No. 499) dismissing her § 2255 Motion with prejudice. Kasali's Motion for Reconsideration moves the court

> to alter and amend the judgment to allow the Government to file an answer to the 2255 motion and allow the parties to fully brief the case. Once the case is fully briefed, the district judge will determine whether an evidentiary hearing, discovery, and expansion of the record is required.[18]

## A. Standard of Review

Kasali cites Federal Rules of Civil Procedure 59(e) and 60(b) in support of her Motion to Reconsider, but does not address the standard of review the court should apply with respect to either of these rules or how those standards apply to any of her arguments.

### 1. Rule 59(e) Provides the Standard of Review

"[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." St. Paul Mercury Insurance Company v. Fair Grounds Corporation, 123 F.3d 336, 339 (5th Cir. 1997). In this circuit

> [a] motion asking the court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed. Texas A&M Research Foundation v. Magna Transportation, Inc., 338 F.3d 394, 400 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60.

[18]Motion for Reconsideration, Docket Entry No. 510, p. 5.

Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam), cert. denied, 134 S. Ct. 57 (2013).

The Order of Adoption and Final Judgment from which Kasali seeks relief are dated June 8, 2026. Twenty-eight days later on July 6, 2026, Kasali filed her Motion for Reconsideration (Docket Entry No. 510). Because Kasali filed her Motion for Reconsideration on the twenty-eighth day after entry of the Order of Adoption and Final Judgment at issue, the appropriate standard of review is that provided by Rule 59(e).

2. Rule 59(e) Standard of Review

"Rule 59(e) serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir.), cert. denied sub nom. Irvin v. Hydrochem, Inc., 125 S. Ct. 411 (2004). A manifest error of law is an error "that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" Guy v. Crown Equipment Corp., 394 F.3d 320, 325 (5th Cir. 2004) (quoting Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004) (quoting Black's Law Dictionary 563 (7th ed. 1999)). A manifest error of fact "is an obvious mistake or departure from the truth." Bank One, Texas, N.A. v. Federal Deposit Insurance Corp., 16 F.Supp.2d 698, 713 (N.D. Tex. 1998). Rule 59(e) "gives a district court the chance 'to rectify

its own mistakes in the period immediately following' its decision." Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) (quoting White v. New Hampshire Department of Employment Security, 102 S. Ct. 1162, 1166 (1982)). To prevail on a Rule 59(e) motion, the movant must show either: (1) a manifest error of law or fact; (2) an intervening change in controlling law; or (3) the availability of new evidence not previously available. See Schiller v. Physicians Resource Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003). "A Rule 59(e) motion 'calls into question the correctness of a judgment'" and "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Templet, 367 F.3d at 478-79. Relief under Rule 59(e) is an "extraordinary remedy that should be used sparingly." Id. at 479.

**B. Analysis**

Kasali argues that the court should reconsider the Order of Adoption and Final Judgment dismissing her § 2255 Motion because (1) she timely filed her § 2255 Motion on March 23, 2026, by giving it to prison authorities with first class prepaid postage attached to the envelope; (2) after screening her § 2255 Motion pursuant to Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Court, the court entered its Order to Answer (Docket Entry No. 452) directing the United States to answer her

§ 2255 Motion, and later granted the United States' Motion to Extend Time to Respond, but dismissed her § 2255 Motion before the United States answered and before the deadline for answering expired; (3) Magistrate Judge Palermo exceeded her authority by issuing her Report and Recommendation on Kasali's § 2255 Motion because that matter had not been referred to her; and (4) the court's improper dismissal of Kasali's § 2255 Motion denied her the opportunity to have an evidentiary hearing, receive discovery, and expand the record.[19] Because Kasali's arguments are not based on any intervening changes in controlling law or the availability of new evidence not previously available, the court reads her Motion for Reconsideration as arguing that the court's Order of Adoption and Final Judgment rest on manifest error of law or fact.

1. Kasali Has Failed to Show Manifest Error of Law or Fact Related to the Timeliness of Her § 2255 Motion

Magistrate Judge Palermo's Report and Recommendation (Docket Entry No. 488) concluded that Kasali's § 2255 Motion should be denied because it was not timely filed, and because even if the motion was timely filed, Kasali's claims failed on the merits.[20] Although Kasali objected to Magistrate Judge Palermo's Report and Recommendation (Docket Entry No. 496), she did not object to the

[19] Id. at 1-3.

[20] Report and Recommendation, Docket Entry No. 488, pp. 4-8.

Magistrate Judge's conclusion that her § 2255 motion was untimely.[21] In her Motion for Reconsideration Kasali argues that her § 2255 Motion was, in fact, timely filed because "[o]n March 23, 2026, . . . she gave her mail to prison authorities with first class prepaid postage attached to the envelope."[22] The court's Order of Adoption states that "[a]lthough Kasali's motion to vacate her sentence under 28 U.S.C. § 2255 may have been untimely filed, the Court prefers to focus on the motion's merits."[23] The court's Order of Adoption and Final Judgment are, therefore, not based on the Magistrate Judge's finding that Kasali's § 2255 Motion was untimely, but instead on her conclusion that Kasali's claims lacked merit. Because the court's Order of Adoption and Final Judgment are not based on the Magistrate Judge's finding that Kasali's § 2255 Motion was untimely, Kasali cannot show manifest error of law or fact related to the timeliness of her § 2255 Motion. Alternatively, the court concludes that Kasali's timeliness argument does not support relief under Rule 59(e) because the objections that Kasali filed to the Report and Recommendation did not address the Magistrate Judge's determination that her motion

---

[21]See Objection to Report and Recommendation (Document 488), Docket Entry Nos. 493 and 496.

[22]Motion for Reconsideration, Docket Entry No. 510, p. 1. See also id. at 3 (asserting that "[t]he 2255 motion was timely filed . . .").

[23]Docket Entry No. 498, p. 2.

was untimely, and because her Motion for Reconsideration fails to show that she could not have made that argument before the entry of judgment. See Templet, 367 F.3d at 478-79 ("A Rule 59(e) motion . . . is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.").

2. Kasali Has Failed to Show that the Magistrate Judge's Issuance of Her Report and Recommendation Constitutes Manifest Error of Law or Fact

In her Report and Recommendation Magistrate Judge Palermo stated that

> [t]he district judge to whom this case is assigned referred all pending matters and matters related to the Supervised Release Petition, ECF No. 396, to this Court. Order ECF No. 411. Under Rule 10 of the Rules Governing Section 2255 Proceedings, a magistrate judge may perform the duties of a district judge pursuant to 28 U.S.C. § 636. Since the motion to vacate references the Supervised Release Petition, ECF No. 448, this motion is properly before the Court.[24]

Acknowledging that on December 1, 2025, this court referred to Magistrate Judge Palermo Docket Entry Nos. 396, 397, and all related matters, Kasali objected to the Report and Recommendation as unauthorized because her § 2255 Motion did not mention the probation officer's supervised release petition and was not filed until March of 2026, long after December 1, 2025, when the court

[24] Report and Recommendation, Docket Entry No. 488, p. 1 n. 1.

entered the Order of Referral (Docket Entry No. 411).[25] Docket Entry No. 396 is the petition filed by Kasali's probation officer alleging that Kasali violated conditions of her supervised release. Docket Entry No. 397 is the motion that Kasali filed shortly thereafter seeking to modify or reduce her term of supervised release to time served.

The court's Order of Adoption addressed and rejected Kasali's argument that the Magistrate Judge issued her Report and Recommendation without authority.[26] Because Kasali's § 2255 Motion sought inter alia "immediate release from custody,"[27] which was the same relief that Kasali sought in her Motion to Modify or Reduce Term of Supervised Release to Time Served (Docket Entry No. 397), which the court had expressly referred to the Magistrate Judge, the court concluded that the Magistrate Judge did not exceed her authority by issuing the Report and Recommendation regarding Kasali's § 2255 Motion.

Moreover, when Kasali filed her § 2255 Motion (Docket Entry No. 448), she had completed her term of imprisonment and was in custody pursuant to alleged violations of her conditions of supervised release. Because the court expressly referred to the

---

[25]Objection to Report and Recommendation (Document 488), Docket Entry Nos. 493 and 496, p. 1.

[26]Order of Adoption, Docket Entry No. 498, pp. 3-5.

[27]Kasali's § 2255 Motion, Docket Entry No. 448, p. 14.

Magistrate Judge the probation officer's petition and all related matters regarding allegations that Kasali had violated conditions of her supervised release,[28] the court, remains unpersuaded that Kasali's § 2255 Motion was not related to matters referred to Magistrate Judge Palermo. The court concludes therefore that Kasali's argument that the Magistrate Judge issued her Report and Recommendation without authority does not entitle Kasali to relief under Rule 59(e) because it simply restates the argument that she made in her objection to the Report and Recommendation,[29] and because the court considered and rejected that argument in its Order of Adoption.[30] See Templet, 367 F.3d at 478-79 ("A Rule 59(e) motion . . . is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.").

3. Kasali Has Failed to Show that Dismissal of Her § 2255 Motion Absent a Response from the United States Constitutes Manifest Error of Law or Fact

Magistrate Judge Palermo issued her Report and Recommendation on May 7, 2026, over a month before the date the United States'

---

[28]See Order of Referral, Docket Entry No. 411 (referring to Magistrate Judge Palermo inter alia "the Supervised Release Petition (docket no. 396) and all pending motions and related matters").

[29]See Objection to Report and Recommendation (Document 488), Docket Entry No. 493 and 496, pp. 1-2.

[30]Order of Adoption, Docket Entry No. 498, pp. 3-5.

answer was due on June 18, 2026.[31] Citing Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Court, for requiring courts to promptly examine § 2255 motions, their attached exhibits, and the record of prior proceedings, the Magistrate Judge concluded that Kasali's § 2255 Motion was "without merit and should be dismissed."[32] Observing that Kasali's § 2255 Motion asserted four constitutional violations, Judge Palermo concluded that two of the asserted violations, i.e., Kasali's contention that she was denied her right to be present for the first day at trial and her contention that conflicts with appointed counsel denied her the effective assistance of counsel, were barred because they had been raised and rejected on direct appeal.[33] Judge Palermo concluded that Kasali's other two asserted violations, i.e., Kasali's contention that she was denied effective assistance of counsel because her counsel agreed to sentencing enhancements without her consent and that her inability to make phone calls from the facility where she was detained denied her the right to retain counsel of her choice, lacked merit because Kasali failed to demonstrate cause and prejudice for not having raised those violations on appeal.[34]

---

[31]See Order, Docket Entry No. 459 (granting the United States' motion to extend time to answer, and setting a deadline of June 18, 2026, for the United States to answer Kasali's § 2255 Motion).

[32]Report and Recommendation, Docket Entry No. 488, p. 2.

[33]Id. at 5-6 (citing Kasali, 111 F.4th at 643-44, and 648).

[34]Id. at 6-8.

Although Kasali filed objections to the Report and Recommendation,[35] she did not object to the Magistrate Judge's conclusions that the constitutional violations she asserted in her § 2255 Motion all failed for lack of merit.[36] Observing that "Kasali's objections do not address the Magistrate Judge's determination . . . that the four constitutional violations asserted in support of the motion all fail for lack of merit,"[37] the court adopted Judge Palermo's Report and Recommendation, and dismissed her § 2255 Motion with prejudice.[38]

Kasali's Motion for Reconsideration recognizes that "[R]ule 4 of the rules governing section 2255 cases in the United States District Courts requires the Court to promptly examine the motion and its attached exhibits and dismiss the motion, in whole or in part, if the face of the motion shows that the petitioner is not entitled to relief."[39] But asserting that this court screened her motion under Rule 4 upon filing and, finding that the motion

---

[35]See Objection to Report and Recommendation (Document 488), Docket Entry Nos. 493 and 496.

[36]See id. at 2 ("This motion only addressed the procedural errors of document 488, . . . and did not address document 488 on the merits.").

[37]Order of Adoption, Docket Entry No. 498, p. 5 (citing Objection to Report and Recommendation (Document 488), Docket Entry Nos. 493 and 496, p. 2.

[38]Id. at 8.

[39]Motion for Reconsideration, Docket Entry No. 510, p. 1.

survived Rule 4 screening, issued an order for the United States to answer, Kasali argues that the court improperly adopted the Report and Recommendation and entered a Final Judgment dismissing her § 2255 Motion with prejudice before the answer date without vacating its Order to Answer (Docket Entry No. 452).[40]

Kasali's argument has no merit. The court's March 27, 2026, Order to Answer (Docket Entry No. 452), was interlocutory, not final. See Moody v. Seaside Lanes (Matter of Moody), 825 F.2d 81, 85 & n. 3 (5th Cir. 1987) ("finality is generally absent until the district court renders a decision that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment'"). Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of [a final judgment]." "[T]he power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court.'" Austin v. Kroger Texas, LP, 864 F.3d 326, 337 (5th Cir. 2017) (per curiam) (citations omitted). See also Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 103 S. Ct. 927, 935 (1983), superseded by statute on other grounds ("every order short of a final decree is subject to reopening at the discretion of the district judge"). "[A] trial court [is] free to

[40]Id. at 1-3.

reconsider and reverse [interlocutory orders] for any reason it deems sufficient." Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc., 677 F.3d 720, 727-28 (5th Cir.), cert. denied, 113 S. Ct. 318 (2012). Because the court's Order to Answer was neither final nor controlling, it did not preclude the Magistrate Judge from issuing her Report and Recommendation or this court from adopting that Report and Recommendation and dismissing Kasali's § 2255 Motion. Thus, Kasali has failed to show that the dismissal of her § 2255 Motion absent a response from the United States constitutes manifest error of law or fact entitling her to Rule 59(e) relief.

4. Kasali Has Failed to Show that Dismissal of Her § 2255 Motion Improperly Denied Her an Evidentiary Hearing or Discovery

Kasali argues that "[d]ue to the improper dismissal with prejudice, [she] was denied the opportunity to have an evidentiary hearing, receive discovery, and expand the record."[41] For the reasons stated in the preceding paragraphs of this Memorandum Opinion and Order, the court is not persuaded that the dismissal of Kasali's § 2255 Motion was improper. Therefore, Kasali's argument that the court's improper dismissal of her § 2255 Motion denied her an evidentiary hearing or discovery is without merit, does not demonstrate manifest error of law or fact, and does not entitle her to Rule 59(e) relief.

---

[41] Id. at 3.

5. Conclusions as to Kasali's Motion for Reconsideration

Because Kasali has failed to demonstrate that the court committed a manifest error of law or fact by adopting Magistrate Judge Palermo's Report and Recommendation regarding Kasali's § 2255 Motion, or by entering a Final Judgment dismissing Kasali's § 2255 Motion with prejudice, Kasali's Motion for Reconsideration, Docket Entry No. 510, is **DENIED**.

## IV. Kasali's Request for Order of Subpeona and Production of Discovery

Kasali's Request for Order of Subpeona and Production of Discovery (Docket Entry No. 504) seeks discovery from a number of individuals "[i]n order to further develop the record for the motion for reconsideration and appellate review." Because the court has denied Kasali's Motion for Reconsideration, her Request for Order of Subpeona and Production of Discovery (Docket Entry No. 504) is **DENIED as MOOT**.

## V. Kasali's Motion for Court Documents or in the Alternative Motion to Proceed in Forma Pauperis

Kasali's Motion for Court Documents or in the Alternative Motion to Proceed in Forma Pauperis (Docket Entry No. 536) asks the court "to provide court documents at no charge pursuant to 28 U.S.C. § 2250, in USDC case 4:21-cr-54 in the Southern District of Texas and USCA case 21-20681 in the Court of Appeals for the Fifth Circuit." Alternatively, Kasali "is renewing the motion to proceed

in forma pauperis in case 4:26-cv-2441." Because the court has denied Kasali's Motion for Reconsideration, her Motion for Court Documents or in the Alternative Motion to Proceed In Forma Pauperis (Docket Entry No. 536) is **DENIED as MOOT**.

## VI. CONCLUSIONS AND ORDER

For the reasons stated above, (1) Kasali's Request for Order of Subpeona and Production of Discovery, Docket Entry No. 504, is **DENIED as MOOT**; (2) Kasali's Motion for Reconsideration of Document[s] 498 and 499, Docket Entry No. 510, is **DENIED**; (3) Kasali's Motion for Court Documents or in the Alternative Motion to Proceed in Forma Pauperis, Docket Entry No. 536, is **DENIED as MOOT**; and (4) Kasali's Motion for Clarification, Docket Entry No. 537, is **GRANTED**.

**SIGNED** at Houston, Texas, this 24th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE